UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OSF Healthcare System, | ) | |
|                  Plaintiff | ) | |
| | ) | |
| v | ) | Case No. 12-1105 |
| | ) | |
| Aldi Inc. Group Insurance Welfare | ) | |
| Benefit Plan, | ) | |
|                  Defendant, | ) | |

**ORDER AND OPINION**

I. INTRODUCTION

During June of 2010, Christopher Flowers was admitted to OSF through the emergency room following a high speed motor vehicle accident. The cost of the allegedly-reasonable medical treatment was $58,873.90. He was a participant in Aldi Inc Group Insurance Welfare Benefit Plan. The plan denied payment because the pre-admission review procedures were not followed and because the medical services and supplies were not medically necessary. The complaint alleges that the Plan covers emergency room services at $100 with a $100 co-pay that is waived if the patient is then admitted to the hospital. No pre-admissions procedures are required in an emergency. Plaintiff seeks de novo review or, in the alternative, a finding that denial of payment was arbitrary and capricious.

At the Rule 16 scheduling conference, it became apparent that the parties were in disagreement about whether this is an ERISA case in which discovery is proper, or whether instead this Court's review is limited to the record that was before the Plan at the time coverage was denied. The parties were ordered to brief this question and have now done so.

## II. THE PLAN

The Plan is attached as Exh. B to the Complaint. It identifies Aldi Inc. ("Aldi") as the Plan Administrator. (p.65) The Plan document does not define Aldi's authority under the Plan. Instead, the Plan contains language defining the authority delegated by Aldi to CG[1]. The pertinent section of the Plan (p.65) reads as follows:

> The Plan Administrator delegates to CG the discretionary authority to interpret and apply plan terms and to make factual determinations in connection with its review of claims under the plan. Such discretionary authority is intended to include, but not limited to [sic], the determination of the eligibility of persons desiring to enroll in or claim benefits under the plan, the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments. The Plan Administrator also delegates to CG the discretionary authority to perform a full and fair review, as required by ERISA, of each claim denied which has been appealed by the claimant or his duly authorized representative.

## III. ERISA

In ERISA cases such as the one before this Court, denials of benefits are reviewed *de novo* unless the plan at issue gives the plan administrator discretion to construe the policy terms.[2] *Firestone Tire and Rubber Co v Bruch,* 489 US 101, 115 (1989)*; Hess v Reg-Ellen Machinery Tool Corp* 423 F3d 653, 658 (7th Cir 2005); *Wetzler v Illinois CPA Society & Foundation Retirement Income Plan*, 586 F3d 1053, 1057 (7th Cir 2009).

Where a plan administrator or fiduciary is given discretion to interpret the provisions of the plan, the decisions are reviewed using the arbitrary and capricious standard. *Sellers v Zurich*

---

[1] Cigna is also referred to as "CG," which stands for "Connecticut General." See Exh. B to the Complaint, at "Important Information."

[2] *De novo* review is also appropriate if the basis of the plan administrator's denial of benefits was based on construction of a controlling legal principle, rather than on factual questions. *Sellers*, 627 F3d at 631; *Silvernail v Ameritech Pension Plan,* 439 F3d 355, 357 (7th Cir2006). As stated, the decision in question here was that procedures were not followed and that services were not reasonably necessary. In other words, the decision was not based on legal questions, so this principle is inapplicable to this case.

*American Insurance Co*, 627 F3d 627, 631 (7th Cir 2010); *James v General Motors Corp,* 230 F3d 315, 317 (7th Cir 2000). Under that standard, an administrator's interpretation is given great deference and will not be disturbed if it is based on a reasonable interpretation of the plan's language. *Russo v Health, Welfare & Pension Fund,* 984 F2d 762, 765 (7th Cir1993) ("although it is an overstatement to say that a decision is not arbitrary and capricious whenever a court can review the reasons stated for the decision without a loud guffaw, it is not much of an overstatement").

The Seventh Circuit has held that "there are no 'magic words' determining the scope of judicial review" in ERISA cases. That Court has, however, provided specific guidance to lower courts. *Herzberger v Standard Insurance Co,* 205 F3d 327, 331 (7th Cir2000). *Herzberger* held that the critical question is notice: "participants must be able to tell from the plan's language whether the plan is one that reserves discretion for the administrator." See also *Diaz v Prudential Insurance Co of America,* 424 F3d 635, 637 (7th Cir2005). The *Herzberger* Court drafted the following "safe harbor" language for inclusion in ERISA plans: "Benefits under this plan will be paid only if the plan administrator decides in his discretion that the applicant is entitled to them." *Herzberger,* 205 F3d at 331.

The "safe harbor" language is not mandatory. Id. If the language of the plan "indicates with the *requisite if minimum clarity* that a discretionary determination is envisaged." Id. (emphasis added), then notice to the employee is sufficient, and the appropriate review is the more deferential "arbitrary and capricious" standard. *Black v Long Term Disability Insurance,* 582 F3d 738, 744 (7th Cir 2009).

In *Perlman v Swiss Bank Corp Comprehensive Disability Protection Plan*, 195 F3d 975 (7th Cir 1999), the Court held that if review is deferential - in other words, if the court's review will apply the arbitrary and capricious standard - then the review is limited to the administrative record,

and no discovery is allowed. Id at 981-82. When review is *de novo* parties are allowed to take discovery and present new evidence. Id at 982. In addition, where a prima facie case of misconduct or bias by the plan administrator has been demonstrated, some limited discovery may be permissible as to that issue. See, for example, *Semien v Life Insurance Co of North America*, 436 F3d 805, 813-14 (7th Cir 2006).

## IV DISCUSSION

There is no question that the language quoted above from the Plan in question is sufficient to satisfy the "notice" concerns discussed by the *Herzberger* Court. Anyone reading that paragraph would know that this Plan has reserved discretion "to interpret and apply plan terms and to make factual determinations."

The issue raised by Plaintiff is that the Plan did not confer this discretionary authority - or any authority at all - on the Plan Administrator. The Plan simply states that the Plan Administrator delegates its discretionary authority to CG. If the Plan did not confer any discretion on the Administrator, then the Administrator had no discretion to delegate. Hence, says Plaintiff, no discretionary authority was given to anyone.

This circular argument ignores the focus that is at the heart of this determination: did the Plan give proper notice to Plan beneficiaries that discretion was being reserved. Clearly it did.

None of the cases cited by Plaintiff contradict that conclusion, because all of them are distinguishable. In *Ruttenberg v US Life Insurance Co*, 413 F3d 652, 659 (7th Cir 2005), the language on which the Plan relied was not contained in the Plan document itself but in some other peripheral document. In *Postma v Paul Revere LIfe Insurance Co*, 223 F3d 533, 538 (7th Cir 2000), the Plan required medical proof of disability that could be waived if the administrator received "proof acceptable to us." The Court found this language did not inform a reader that the

administrator had discretion either to interpret the entire policy or to make a decision on the ultimate issue of whether a claimant was disabled. Id at 539.

In *Reinertsen v Paul Revere Life Insurance Co*, 127 F Supp 2d 1021 (ND Ill 2001), the Northern District considered a Plan that, unlike the Plan in question in the case at bar, contained no language at all about discretion; the conferral of discretion was contained only in the Summary Plan Description ("SPD"). The Court concluded that an SPD cannot expand the coverage of the Plan itself. In *Sellers*, 627 F3d 627, the Plan in question included an accidental death and dismemberment insurance policy issued by Zurich. The policy clearly gave Zurich discretion to construe the policy and to determine eligibility for benefits. In *Fritcher v Health Care Services Corp*, 301 F3d 811, 817 (7th Cir 2002), the Court found that the language "in the reasonable judgment of the Claim Administrator" did not serve as adequate notice to participants that the administrator's judgment would be "insulated from judicial review." Id.

The quoted language from page 65 of the Plan might have been more artful. That statement does not, however, detract from the conclusion that participants and beneficiaries have been put on adequate notice by the language that discretion has been reserved by the Plan and that judicial review will be limited. Provision of that notice is the focus of the safe harbor language and any other language that purports to reserve discretion.

Moreover, were Plaintiff's interpretation adopted, it would render the entire quoted paragraph meaningless. In Illinois, contract construction requires that, where possible, meaning is ascribed to every clause and nothing is rejected as meaningless. *Curia v Nelson*, 687 F3d 824, 829 (7th Cir 2009)(Illinois law). In order to give this paragraph meaning, the delegation of authority contained in the Plan Document must be read as a delegation by the Plan that in essence bypassed the Plan Administrator and directly delegated the authority to CG. Any other reading makes no sense.

Finally, *de novo* review is proper where a prima facie case of misconduct or bias by the plan administrator has been demonstrated. No such demonstration has been attempted in this case.

## V CONCLUSION

For these reasons, I conclude that the review in this case will be undertaken using the arbitrary and capricious standard, and that no discovery is needed because the Court's review is limited to the administrative record.

The parties are therefore directed to file cross motions for summary judgment on or before Nov 9, 2012. Responses and replies are governed by CD Ill Local Rule 7.1D. The telephone conference on Friday October 5, is cancelled as unnecessary.

ENTER this 2nd day of October, 2012

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE